UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SERVICE EMPLOYEES
INTERNATIONAL UNION NATIONAL
INDUSTRY PENSION FUND, et al.,

    Plaintiffs,

    v.

HAMILTON PARK HEALTH CARE
CENTER, LTD, et al.,

    Defendants.

Civil Action No. 14-84 (JDB)

## MEMORANDUM OPINION & ORDER

Before the Court is [12] plaintiffs' motion for partial default judgment and [17] two of the three defendants' motion to set aside [11] the Clerk's entry of default against them. Plaintiffs, an employee benefit plan and its trustees, brought this action to recover contributions (and associated interest, liquidated damages, and surcharges) purportedly unpaid by defendants, which are employers that are parties to collective bargaining agreements with plaintiffs. Upon consideration of the briefs,[1] applicable law, and the entire record herein, and for the reasons described below, the Court will order the moving defendants to pay plaintiffs' fees and costs associated with defendants' default as a condition of granting defendants' motion to vacate the default, and will grant plaintiffs' motion for default judgment against one defendant, Hamilton Park Health Care Center, Ltd.[2]

---

[1] Pls.' Mot. for Default J. [ECF No. 12] ("Pls.' Mot."); Defs.' Opp'n to Pls.' Mot. [ECF No. 17] ("Defs.' Opp'n"); Pls.' Reply to Defs.' Mot. [ECF No. 19] ("Pls.' Reply").

[2] As discussed in further detail below, Defendant Hamilton Park Health Care Center, Ltd. is not a party to that motion, so the default against that defendant remains intact.

## BACKGROUND

Plaintiffs are the Service Employees International Union ("SEIU") National Industry Pension Fund (the "SEIU Fund")—a multi-employer employee benefit plan—and its trustees. Pls.' Mot. at 2. A local SEIU chapter negotiated collective bargaining agreements with the Hamilton Park Health Care Center (the "Center"). Id. at 3. Under those agreements, the Center is required to make certain contributions on behalf of eligible employees to the SEIU Fund. Id. Plaintiffs filed a complaint alleging that the Center has become delinquent on those contributions, a state of affairs that purportedly also gives rise to liability for interest, liquidated damages, surcharges, and attorney's fees. Id. Plaintiffs' complaint named three defendants: Hamilton Park Health Care Center, Ltd.; Hamilton Park OPCO, LLC; and Alaris Health, LLC. Pls.' Compl. [ECF No. 1] ("Compl.") at 1. The Center was previously owned and operated by defendant Hamilton Park Health Care Center, Ltd., and is now owned and operated by defendants Hamilton Park OPCO, LLC, and Alaris Health, LLC (collectively referred to as "Alaris"). Defs.' Opp'n at 1.

According to Alaris, when it purchased the Center from Hamilton Park Health Care Center, Ltd., it took the Center free of any past liabilities to the SEIU Fund. Id. So when Alaris found itself named in a complaint seeking recovery for those contributions, its counsel contacted plaintiffs' counsel with the hope that the dispute could be resolved as against Alaris without further litigation. Id. at 1-2. No such luck. And because of Alaris's counsel's vain hope that plaintiffs would continue the action against only Hamilton Park Health Care Center, Ltd., Alaris failed to answer or otherwise respond to the complaint (as did Hamilton Park Health Care Center, Ltd.). Id. at 4-5.

The Clerk of the Court duly entered default against all three defendants under Fed. R. Civ. P. 55(a) on March 18, 2014, and plaintiffs moved for default judgment on May 8, 2014. See Entry of Default [ECF No. 11]; Pls.' Mot. Perhaps realizing that this Court would, indeed, oversee this litigation in accordance with the Federal Rules of Civil Procedure—in particular, the requirement that defendants respond to a complaint—counsel for Alaris belatedly entered an appearance and filed an opposition to plaintiffs' motion, as well as a motion to set aside the default, on May 27, 2014.[3] See Defs.' Opp'n. The third defendant, Hamilton Park Health Care Center, Ltd., has yet to appear or respond.[4]

## DISCUSSION

I.  **PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

For the reasons explained below, the Court will vacate the default against Alaris, and thus deny the motion for default judgment as to Hamilton Park, OPCO, LLC, and Alaris Health, LLC. That leaves the default against defendant Hamilton Park Health Care Center, Ltd.—which has yet to appear or respond to plaintiffs' complaint—in place. After a default has been entered against a defendant by the Clerk of the Court, a court may enter a default judgment pursuant to Rule 55(b). Fed. R. Civ. P. 55(b). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing Jackson v. Beech,

---

[3] Although the two-month delay between entry of default and counsel's appearance does not immediately evince a sense of urgency, counsel represents that he filed an application for admission to this Court's bar on the day after the default was entered. Defs.' Opp'n at 2 n.3. That application was apparently deficient in some respect. Id. When counsel learned a month later of this deficiency, he secured local counsel, who moved to admit him pro hac vice.

[4] Counsel for defendants, Ronald Birch from the firm Birch Horton Bittner & Cherot, P.C., filed [16] a notice of appearance on behalf of "Defendants, Hamilton Park Health Care Center, Ltd., et al."—in other words, on behalf of all three defendants. Five days later, two other counsel from the same law firm filed the opposition and motion to vacate default, explicitly noting that "This Firm does not represent Defendant Hamilton Park Health Care Center, Ltd., and [that defendant] is not a party to the instant opposition." Defs.' Opp'n at 1 n.1. Given that later-filed representation, and the content of the opposition—advocating a position contrary to Hamilton Park Health Care Center, Ltd.'s interests—the Court concludes that the notice of appearance on behalf of that defendant was a clerical error. Counsel are instructed to promptly notify the Court if this conclusion is erroneous.

3

636 F.2d 831, 836 (D.C. Cir. 1980)). Upon entry of default by the Clerk, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." Int'l Painters, 239 F. Supp. 2d at 30 (internal citation omitted). "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." Id. (citing Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)). "[T]he court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." Id. (citing United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979)).

The complaint alleges all necessary elements of an award of liquidated damages, interest, and attorney's fees and costs to a prevailing employee benefit fund under 29 U.S.C. §§ 1132(a)(3) and 1145. See Int'l Painters, 808 F. Supp. 2d at 94. Hence, Hamilton Park Health Care Center, Ltd.'s failure to answer or otherwise respond to plaintiffs' complaint establishes its liability under those sections. Plaintiffs are thus entitled to default judgment against Hamilton Park Health Care Center, Ltd., but the Court must make an independent determination of the sum to be awarded unless the amount of damages is certain. See Adkins, 180 F. Supp. 2d at 17. The Court will evaluate plaintiffs' request for damages based on the affidavits they have submitted.

Under Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. When an employer fails to make those contributions, the fiduciary for a plan may bring an action under ERISA and obtain a mandatory award for the plan consisting of:

4

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of—

(i) interest on the unpaid contributions; or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Interest is calculated using the rate provided under the plan, or, if the plan provides no rate, the rate prescribed by 26 U.S.C. § 6621. Id.

Plaintiffs have provided affidavits to support a damages award of $22,495.70, consisting of contributions, interest, liquidated damages, and Pension Protection Act[5] ("PPA") surcharges. Specifically, plaintiffs contend—and support with affidavits—that Hamilton Park Health Care Center, Ltd., owes interest and liquidated damages of $442.71 and $1,038.52, respectively, for late contributions between February 2013 and July 2013. Plaintiffs also contend that Hamilton Park Health Care Center, Ltd., owes $13,751.75 in unpaid contributions from 2009 and 2010, $3,137.18 in interest, $2,750.36 in liquidated damages, and $1,375.18 in PPA surcharges. In addition, plaintiffs have provided documentation showing that they incurred $3,887.50 in reasonable attorney's fees and $695.00 in costs, increasing the total award to $27,078.20. The amount of attorney's fees to be awarded, though, must be reduced by $1,892: those claimed fees, attributable only to the entry of default and default judgment motion, and any fees associated with plaintiffs' reply brief, are to be paid by the other two defendants in this case as a condition

---

[5] Pension Protection Act of 2006, Pub. L. 109-280 (2006).

for vacatur of the default, see infra Part II.d, bringing the total award against Hamilton Park Health Care Center, Ltd. to $25,186.20. The Court will enter a judgment of damages against Hamilton Park Health Care Center, Ltd. in that amount.

## II. DEFENDANTS' MOTION TO VACATE DEFAULT

Alaris argues that the entry of default against it should be vacated under Federal Rule of Civil Procedure 55(c), which provides that an entry of default may be vacated for "good cause." This circuit, along with several other circuits, has applied a three-part balancing test to assess whether good cause has been met. "Though the decision lies within the discretion of the trial court, exercise of that discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious." Keegel v. Key West & Caribbean Trading Co., Inc., 627 F.2d 372, 373 (D.C. Cir. 1980). This standard is more lenient than that applied under Rule 60(b) after a default judgment—as opposed to a default—has been entered. See Capital Yacht Club v. Vessel AVIVA, 228 F.R.D. 389, 392 (D.D.C. 2005). And given the "strong policies favor[ing] resolution of disputes on their merits," all doubts are resolved in favor of the party seeking relief from the default. Mohamad v. Rajoub, 634 F.3d 604, 606 (D.C. Cir. 2011) (quoting Jackson, 636 F.2d at 836).

### a. Willfulness

Although the Court need not find that Alaris has acted in bad faith to establish willfulness, it must conclude that Alaris's conduct demonstrates more than mere negligence. See Int'l Painters, 288 F. Supp. 2d at 26. But "[d]efault judgments were not designed as a means of disciplining the bar at the expense of the litigants' day in court." Jackson, 636 F.2d at 837. So, for example, in Jackson v. Beech, the D.C. Circuit concluded that a defendant's default was not

willful because counsel's negligence should not be imputed to his client in this context.[6] 636 F.2d at 837; see also Barber v. Tuberville, 218 F.2d 34, 36 (D.C. Cir. 1954) (setting aside default judgment where counsel negligently failed to file answer because of settlement negotiations in another case, and noting that "courts have been reluctant to attribute to the parties the errors of their legal representatives" in setting aside defaults and default judgments).

In one sense, Alaris's default in this case seems willful: Alaris's counsel, believing that he could convince plaintiffs to drop the case, allowed the deadline to answer or otherwise respond to the complaint to come and go. Yet all indications are that counsel, not Alaris itself, is to blame for the foolhardy decision not to answer or otherwise respond to the complaint. Moreover, counsel quickly realized that failing to answer or respond to the complaint was not a permissible litigation strategy, and moved (languorously) to rectify his error. Because the error was counsel's, not Alaris's, because counsel moved to fix his mistake, and because any doubt must be resolved in Alaris's favor, the Court finds that Alaris did not default willfully.[7]

**b.    Prejudice**

"[D]elay in and of itself does not constitute prejudice." KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 15 (1st Cir. 2003) (noting that "in the context of a Rule 55(c) motion . . . [t]he issue is not mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion").

---

[6] Citing several cases from this district, plaintiffs point out that sometimes courts are less forgiving. See, e.g., Int'l Painters, 288 F. Supp. 2d at 26; Canales v. A.H.R.E., Inc., 254 F.R.D. 1, 9 (D.D.C. 2008). But those cases largely arose in the context of a motion to set aside a default judgment, which is subject to Rule 60(b)'s stricter standard. Those cases are also somewhat inconsistent with Jackson, which applied a more forgiving approach in the same context of a motion to set aside a default judgment under Rule 60(b). See Jackson, 636 F.2d at 837. In any event, the more lenient "good cause" standard of Rule 55(c) applies here.

[7] This is not to say that whenever a default can be attributed to counsel, rather than to the party, it is not willful. The Court finds only that in this case, a relatively benign lapse in judgment by counsel caused the default, nothing indicates that it was Alaris's design to default, and all involved quickly realized a mistake had been made.

7

Plaintiffs argue that the additional time and money to be expended on this case if the default is vacated would prejudice them. But that is not the type of prejudice contemplated by the standard under Rule 55(c). In addition, as discussed below, any monetary prejudice suffered by plaintiffs can be solved by imposing a reasonable condition on the vacatur of default. See 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2700, at 538 (1983). In addition, this case has been pending for less than five months because once the Clerk entered default, Alaris's counsel moved to remedy the situation. And from the briefs and the complaint, it appears that this case is largely a contractual dispute that will not rest on extensive evidentiary showings. Thus, the short delay caused by Alaris likely will not result in the loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion. See id. Hence, given the minimal delay in this case, and the condition to be imposed, setting aside the default will not cause prejudice to plaintiffs.

### c. Meritorious Defense

In determining whether a defendant has a meritorious defense, "[l]ikelihood of success is not the measure." Keegel, 627 F.2d at 374. Instead, "allegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense." Rajoub, 634 F.3d at 606 (internal quotation marks and citations omitted); see also Whelan v. Abell, 48 F.3d 1247, 1259 (D.C. Cir. 1995) (noting that "the movant is not required to prove a defense, but only to assert a defense that it may prove at trial"); Keegel, 627 F.2d at 374 (accepting "somewhat broad and conclusory defenses" as meritorious). Alaris argues here that it is not liable for the contributions (and associated damages) because its purchase agreement with Hamilton Park Health Care Center, Ltd. provided that it would take the Center free of those liabilities. Plaintiffs counter that, under the doctrine of successor liability, those liabilities were

automatically transferred to Alaris. Yet neither the Court nor, apparently, the plaintiffs have seen the purchase agreement at issue. See Pls.' Reply at 6 n.2. And it is unclear whether that agreement, even if accurately described by Alaris, would counter the operation of the successor liability doctrine. Because these factual and legal uncertainties are more appropriately resolved on the merits, the Court finds that Alaris has sufficiently raised a meritorious defense for Rule 55(c) purposes.

### d. Condition

Although all three factors thus weigh in favor of vacating the default, that is not the end of the matter. "In determining whether to exercise its discretion to set aside a default, . . . a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party." Capital Yacht Club, 228 F.R.D. at 395 (quoting Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 515-16 (2d Cir. 2001) (affirming imposition of bond requirement as condition for vacatur of default and discussing cases)); see also Gilmore v. Palestinian Interim Self-Gov't Authority, 675 F. Supp. 2d 104, 114 (D.D.C. 2009) (requiring payment of fees and costs, and posting of bond, as condition for default vacatur). "The condition most commonly imposed is that the defendant reimburse the plaintiff for costs—typically court costs and attorney's fees—incurred because of the default." Thorpe v. Thorpe, 364 F.2d 692, 694 (D.C. Cir. 1966)[8]; see also Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec, 854 F.2d 1538, 1546-47 (9th Cir. 1988) (approving condition that defendant pay plaintiff's attorney's fees).

Here, the Court finds that it is appropriate to condition vacatur of the default on the two moving defendants' payment of plaintiffs' reasonable attorney's fees and costs associated with

---

[8] As the Capital Yacht Club court observed, Thorpe was a default judgment case, not a default case, but "the court's authority to impose a bond requirement stems from its general inherent powers, regardless of whether Rule 60(b) is at issue." 228 F.R.D. at 395 n.8.

9

(1) plaintiffs' affidavit for default, (2) plaintiffs' motion for default judgment, and (3) plaintiffs' reply in support of the default judgment motion. This result is appropriate for several reasons. Counsel for Alaris apparently concluded that the strictures of the Federal Rules of Civil Procedure did not apply, causing defendants to default, forcing plaintiffs to incur the costs of litigating the default judgment issue, and delaying this case for months. Counsel also erroneously concluded that the most expeditious way to proceed once the Clerk entered default was to apply for admission to this Court's bar, wait for a month only to find the application rejected, then secure local counsel, and then to have that counsel move him to be admitted <u>pro hac vice</u>. That error in judgment delayed this case for two more months. Hence, the Court will condition the vacatur of default against the two moving defendants on their payment of plaintiffs' reasonable attorney's fees and costs associated with the default.

For all these reasons, it is hereby

**ORDERED** that, by not later than June 19, 2014, plaintiffs shall file a brief memorandum (with supporting declarations or affidavits) detailing the reasonable attorney's fees and costs associated with (1) plaintiffs' affidavit for default, (2) plaintiffs' motion for default judgment, and (3) plaintiffs' reply in support of the default judgment motion; defendants Alaris Health, LLC and Hamilton Park, OPCO, LLC may respond by not later than June 26, 2014; it is further

**ORDERED** that the Clerk's entry of default in this case is **VACATED** as to defendants Hamilton Park, OPCO, LLC, and Alaris Health, LLC; it is further

**ORDERED** that [12] plaintiffs' motion for default judgment as to defendants Hamilton Park, OPCO, LLC, and Alaris Health, LLC is **DENIED**; it is further

**ORDERED** that leave to file Hamilton Park, OPCO, LLC, and Alaris Health, LLC's proposed answer to plaintiffs' complaint is **GRANTED**; it is further

**ORDERED** that the Clerk shall promptly file [17-1] as Hamilton Park, OPCO, LLC, and Alaris Health, LLC's answer to plaintiffs' complaint; and it is further

**ORDERED** that the initial scheduling conference in this matter is set for June 27, 2014, at 9:00 a.m. Counsel who attend the scheduling conference must be sufficiently familiar with the case to answer any questions that arise. Parties are welcome to attend.

Counsel shall confer in accordance with Rule 16.3(a) of the Local Civil Rules and Rule 26(f) of the Federal Rules of Civil Procedure, and shall submit their Joint Rule 16.3 Report addressing the topics listed in Local Civil Rule 16.3(c) no later than fourteen days following their conference, see L. Civ. R. 16.3(d), and in no event less than three business days before the initial scheduling conference. Counsel may also include in their Joint Rule 16.3 Report a brief statement of the case and any statutory basis for causes of action and defenses.

Written communication with the Court is to be by motion, opposition, and reply, rather than letter. See L. Civ. R. 5.1(b). The parties are directed to the requirements of Local Civil Rule 7(c) regarding the submission of proposed orders with all motions and oppositions and to the requirements of Local Civil Rule 7(m) regarding the duty to confer on all nondispositive motions (including those for enlargements of time).

**SO ORDERED.**

A separate order has issued on this date.

/s/  
JOHN D. BATES  
United States District Judge

Dated: June 6, 2014